IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NPF FRANCHISING, | ) | Case No. 1:18 CV 277 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| SY DAWGS, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman Jr (ECF #48). On February 2, 2018, NPF Franchising, LLC (NPF), filed a Motion for a Preliminary Injunction (ECF #3) seeking to require that SY Dawgs, LLC (SY DAWGS) and Joel A. Bartsch (Bartsch) comply with a 2015 non-compete agreement (NCA). Pursuant to Local Rule 72.2(b), this case was referred to Magistrate Judge Baughman.

After hearing oral arguments and reviewing the parties' written submissions and stipulated facts, Magistrate Judge Baughman issued his Report and Recommendation on April 23, 2018. Magistrate Judge Baughman correctly applied the familiar four factor test to determine whether a preliminary injunction was appropriate in this matter. The four factor test considers:

(1) whether the movant has a strong likelihood of success on the merits;

(2) whether the movant would otherwise suffer irreparable injury;

(3) whether issuance of a preliminary injunction would cause substantial harm to others;

(4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2000); *Blue Cross & Shield Mut. Of Ohio v. Blue Cross & Shield Ass'n.* 110 F.3d 318, 322 (6th Cir.1997).

Magistrate Judge Baughman concluded that NPF failed to establish a substantial likelihood that it will prevail on the merits because "for the purposes of the request for injunctive

relief, NPF has not shown a substantial likelihood that Fast Pitch is a successor entity by *de facto* merger to SY Dawgs... or that Bartsch owns or controls SY Dawgs." (ECF #48 at 10). Magistrate Judge Baughman also concluded that NPF failed to show it would suffer irreparable harm because he found no evidence in the record that Defendants took any action to discourage existing and potential franchisee affiliations with NPF, or interfere with NPF's supplier, vender, or media partner relationships. (*Id.* at 11-12). In addition, Magistrate Judge Baughman found that neither party can offer any record evidence indicating potential harm to others and the public interest. (*Id.* at 12-13).

Magistrate Judge Baughman recommended that the Court deny NPF's Motion for a Preliminary Injunction. No objections to Magistrate Judge Baughman's Report and Recommendation have been filed and the 14-day filing period has expired.

**Standard of Review for a Magistrate Judge's Report and Recommendations**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendations of a magistrate judge, the district court reviews the case de novo.

FED. R. CIV. P. 72(b) states:
> The district judge must determine de novo any part of the
> magistrate judge's dispositions that has been properly objected to.
> The district judge may accept, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate that appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rule commented on a district court's review of unopposed reports by magistrate judges. In regards to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only

2

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those finding."

## Conclusion

After a thorough review of the Report and Recommendation and the record, this Court adopts Magistrate Judge Baughman's findings and recommendation. Plaintiff has not established the elements required to obtain a Preliminary Injunction. Accordingly, Plaintiff's Motion for a Preliminary Injunction (ECF #3) is DENIED.

IT IS SO ORDERED.

DATED: May 29, 2018

DONALD C. NUGENT
United States District Judge