# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NPF FRANCHISING, LLC, et al., | ) CASE NO. 1:18 CV 277 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| | ) MEMORANDUM OPINION |
| SY DAWGS, LLC, , et al., | ) AND ORDER |
| Defendants. | ) |

This matter is before the Court on the Motion for Discovery Sanctions (Docket #114) and the Motion to Compel Discovery (Docket #140) filed by Defendants, SY Dawgs, LLC, Joel Bartsch, KTC Interest, LLC, Scrap Yard Fastpitch LLC and Connie A May ("Defendants"), and the Motion to Compel Further Discovery Responses and for Discovery Sanctions (Docket #143) filed by Plaintiff, NPF Franchising, LLC ("Plaintiff"). Pursuant to Fed. R. Civ. P. 37, Plaintiff and Defendants each ask the Court to compel the other to produce additional discovery, as well as sanction the other for alleged discovery misconduct.

I.  **Procedural History.**

Plaintiff filed its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, Money Damages and Other Relief against Defendant, Sy Dawgs, LLC, on February 2, 2018, alleging claims for (1) injunctive relief; (2) breach of contract under a franchise agreement; (3) breach of contract under a non-compete agreement; (4) fraudulent misrepresentation; and, (5) tortious interference. Plaintiff amended its Complaint on February

10, 2018, to add Joel A. Bartsch as an additional Defendant. A hearing on Plaintiff's Motion for Preliminary Injunction was held on March 23, 2018, before Magistrate Judge Baughman. In preparation for the preliminary injunction hearing, the Parties exchanged thousands of pages of documents and scheduled and conducted limited depositions. On April 23, 2018, Magistrate Judge Baughman issued a Report and Recommendation, recommending this Court deny Plaintiff's request for preliminary injunction, finding that Plaintiff had not demonstrated a substantial likelihood of success on the merits or any harm.

A Case Management Conference was held on May 16, 2018, at which time the Court set a discovery deadline of October 15, 2016. (Docket #50.) On May 29, 2018, without any objection from Plaintiff, this Court adopted the Magistrate Judge's Report and Recommendation denying Plaintiff's request for preliminary injunction. (Docket #51.)

On June 6, 2018, Plaintiff filed a Second Amended Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, Money Damages and Other Relief, adding Defendants KTC Interests, LLC; Scrap Yard Fast Pitch, LLC; and, Connie A. May. (Docket #54.) The Parties issued additional discovery requests to one another thereafter.

A Status Conference was held on August 8, 2018, at which time Counsel for Defendants indicated that they had yet to receive proper discovery responses from Plaintiff. Counsel for Plaintiff arrived after the Status Conference was over, indicating later that he had incorrectly entered the time of the Status Conference on his calendar. At that time, the Parties indicated Plaintiff was in the process of retaining new counsel.

New counsel entered an appearance in the case on August 24, 2018. On September 4, 2018, a Status Conference was held with Counsel for Plaintiff and Defendants participating. Defendants again asserted that Plaintiff had failed to adequately respond to their discovery

requests. Plaintiff indicated that it had hired new counsel and assured the Court it would produce the discovery Defendants had requested. The Court confirmed the October 15, 2018 discovery cutoff and a Status Conference was set for October 10, 2018.

On September 14, 2018, Defendants filed a Motion to Compel Discovery and Motion for Discovery Sanctions (Docket #94). Plaintiff filed a Brief in Opposition on September 28, 2018. (Docket #102.) Defendants filed a Reply Brief on October 5, 2018. (Docket #103.) On October 10, 2018, the Court held a Status Conference, at which time Plaintiff's Counsel indicated that all of the requested information had been turned over to Defendants. (Docket #108.) The Court granted Defendants' Motion to Compel marginally, noting the same and declining to impose sanctions at that time. (Docket #111.) On October 15, 2018, Plaintiff asked the Court to extend the discovery deadline by 90 days. (Docket #112.)

On October 25, 2018, Defendants filed their Motion for Discovery Sanctions, one of the three pending motions ripe for review. (Docket #114.) Plaintiff filed an Opposition Brief on November 8, 2018 and Defendants filed their Reply Brief on November 14, 2018. (Docket #116.) The Court set a Status Conference for November 30, 2018. On November 19, 2018, the Court granted, in part, Plaintiff's earlier Motion to Extend the discovery cutoff date, extending discovery to December 28, 2018. (Docket #118.)

At the November 30, 2018 Status Conference, Defendants repeated their belief that Plaintiff had yet to produce all responsive discovery, despite Plaintiff's assurances to the contrary. The Court noted that the Parties were could not agree as to what discovery is outstanding. The Court ordered the Parties to exchange a 3-page list of documents within 7 days thereafter and ordered lead Counsel to confer no later than December 14, 2018 and produce

-3-

responsive documents. The Court set another Status Conference for December 17, 2018, which was then reset for December 18, 2018.

During the December 18, 2018 Status Conference (the Parties appearing by phone) Defendants indicated they were still not satisfied with the discovery responses provided by Plaintiff. The Parties were directed to file motions to compel specific discovery by December 28, 2018 and responses by January 11, 2019. On December 28, 2018, Defendants filed a Motion to Compel Discovery (Docket #140) and Plaintiff filed a Motion to Compel Further Discovery Responses and for Discovery Sanctions (Docket #143). The Motions are fully briefed.

**II. Discussion.**

It is impossible to argue that discovery in this case is unduly complex or cumbersome. The universe of discoverable information – and the sources of that information – are not vast or otherwise difficult to access or complicated. While the Parties continue to argue with one another, and before the Court, regarding what has been produced vs. what should have been produced by the other, it is difficult to comprehend the benefit of prolonging the litigation of this matter.

The Court has reviewed all documents of record in this case – including its previous rulings, status conference minutes, and the briefs submitted by the Parties, along with all supporting exhibits. Fed. R. Civ. P. 26(b)(1) states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." The Parties do not assert that any of the information requested is somehow privileged; Plaintiff claims over $40 million dollars in damages in this case; and, as stated above, the universe of relevant information is limited in scope and the sources of that information are readily accessible. The discovery is relevant to the claims raised against Defendants and production will not unduly burdensome or expensive.

Fed R. Civ. P. 37(a) provides that a party may move the Court for an order compelling disclosure or discovery, and must include with that motion "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The discovery disputes in this case have been ongoing, as has communication, and/or miscommunication, between the Parties and with the Court, including multiple status conferences regarding the same. Therefore, while the Parties dispute whether either has sufficiently conferred or attempted to confer with the other, or included appropriate certification with their Motions to Compel, the real issue before the Court is whether the Parties have produced all of the discoverable information requested.

Defendants' request an Order (1) compelling Plaintiff to provide full and complete responses to Defendants' Third Set of Interrogatories; (2) compelling Plaintiff to provide full and complete production in response to Defendants' Third Set of Requests for Production of Documents; (3) compelling NPF Media, LLC to provide full and complete production in response to Defendants' subpoena *duces tecum* issued to NPF Media, LLC, which was accepted by NPF's counsel; and, (4) compelling Plaintiff to pay Defendants' expenses, including attorneys' fees, caused by Plaintiff's discovery misfeasance. The foregoing information is relevant and discoverable, including information responsive to the subpoena *duces tecum* issued

to NPF Media, LLC. While Plaintiff argues many things in its Brief in Opposition to Defendants' Motion to Compel, none erase the fact that the information sought by Defendants is directly relevant to the claims Plaintiff asserts in this case and there is no legal basis upon which to withhold the requested discovery. Although Plaintiff has indicated in the past that it has fully responded to all of Defendants' discovery requests, it does not make that same representation to the Court relative to the instant Motion to Compel. Plaintiff must respond to the foregoing requests, in their entirety, within 14 days of this Order, or certify to the Court that they have fully respond to all of the discovery requests propounded by Defendants and there is nothing responsive left to produce.

Plaintiff states that it has received incomplete responses from Defendants relative to 11 separate categories of information. Defendants represent to the Court that they have responded fully and completely to all discovery requests. There is no reason to doubt Defendants' assurances to the Court that all responsive discovery has been provided. Accordingly, the Motion to Compel Further Discovery Responses and for Discovery Sanctions filed by Plaintiff is hereby denied.

The Court declines to impose sanctions on either Party at this time. The issue of sanctions may be revisited, if warranted, when the litigation of Plaintiff's claims has concluded

A Status Conference remains set for March 1, 2019 at 10:30 a.m., to be held telephonically. Deadlines for summary judgment briefing will be set at that time, along with a trial date.

### III. Conclusion.

For the reasons set forth above, Defendants' Motion for Discovery Sanctions (Docket

#114) is hereby DENIED. Defendants' Motion to Compel Discovery (Docket #140) is hereby GRANTED. Plaintiff must respond to the foregoing requests, in their entirety, within 14 days of this Order, or certify to the Court that they have fully respond to all of the discovery requests propounded by Defendants and there is nothing responsive left to produce. Plaintiff's Motion to Compel Further Discovery Responses and for Discovery Sanctions (Docket #143) is hereby DENIED.

The issue of sanctions may be revisited, if warranted, when the litigation of Plaintiff's claims has concluded.

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: January 25, 2019