IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NPF FRANCHISING, LLC, | ) CASE NO. 1:18-cv-00277 |
| Plaintiff, | ) Judge Donald C. Nugent |
| vs. | ) Magistrate Judge William H. Baughman |
| SY DAWGS, LLC, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF NPF FRANCHISING, LLC'S STATUS REPORT REGARDING CASE STATUS IN ADVANCE OF MARCH 1, 2019 STATUS CONFERENCE**

Plaintiff NPF Franchising, LLC ("NPF") submits this status report in advance of the March 1, 2019 status conference to draw the court's attention to the outstanding issues in this matter. Since the last status conference and the Court's extension of the discovery deadline, NPF has diligently sought information needed to fully demonstrate Defendants' contractual breaches, misdealing, and damages stemming therefrom by propounding discovery, issuing subpoenas, and noticing depositions almost immediately after the court extended the discovery deadline. With this, NPF has found money wires sent on behalf of Joel Bartsch to USA Softball, USA Softball admitting to providing benefits to Joel Bartsch and Connie May, Joel Bartsch and Connie May diverting players and business away from the NPF and to their competing team. It is no wonder Defendants are working so hard to prevent NPF from obtaining evidence to further prove their case.

Every step of the way Defendants have obstructed this process by pressuring third-party witnesses, filing a barrage of motions, ignoring the court's orders and procedures, unilaterally noticing unneeded depositions at the eleventh hour, and raising immaterial issues. These actions appear designed only to increase the costs of litigation, prevent NPF from obtaining clearly

relevant information, and draw the Court's attention away from the substance of this litigation.

Below is a brief summary of the status of outstanding discovery and undecided motions.

I. **OUTSTANDING DISCOVERY & DEPOSITIONS**

   A. **Served by NPF**

Since the Court reopened the discovery process, Defendants have obstructed each and every attempt NPF has made to obtain relevant evidence. Defendants have filed frivolous motions, influenced third parties to ignore their obligations to respond to third party discovery, and have refused to produce documents until the Court approves a stipulated protective order that they refuse to sign. Their conduct should not be condoned.

   1. Court Subpoenas for Deposition of Karen Johns and Lovie Jung

NPF served Ms. Johns with her deposition subpoenas in December 2018 and January 2019, respectively. NPF attempted to serve Lovie Jung. Both are USA Softball Selection Team Members. And both have openly discussed to others their concerns about the USA Softball Selection Process and marginalization of select players. Both depositions were noticed in order for NPF to gather evidence of Defendants' improper conduct in seeking to influence USA Softball to select Defendants' players for the USA Softball team, in direct contravention of USA Softball's never followed 'selection criteria' and Defendants' covenant not to compete.

Ms. Johns initially agreed to appear for deposition, and worked directly with NPF to determine a mutually agreeable date. However, she obtained counsel after contacted directly by USA Softball's counsel who attempted to fear her into not testifying. With USA Softball hired counsel, USA Softball, Ms. Johns and Ms. Jung filed a baseless motion for a protective order.

   2. Subpoena *Duces Tecum* and Deposition Subpoena to USA Softball

In November 2018, NPF served USA Softball with a subpoena duces tecum for production of documents that included 72 requests for production. At the same time, NPF also noticed the deposition of USA Softball's person most qualified, which included 22 requests for production. Despite USA Softball's assertions during deposition that it would produce such documents such documents, USA Softball has never complied. USA Softball joined in with Ms.

Jung's and Ms. Johns' motion for a protective order. NPF has been wholly deprived of evidence necessary to establish that Defendants' conduct has directly reduced the representation of players from NPF's teams on the USA Softball team, which directly affects the value of NPF's business.

    3. <u>Subpoeanas *Duces Tecum* to Brentwood Management Group, International Bank of Commerce, American Express, Navy Federal Credit Union, Wells Fargo, and Bank of America</u>

Through the deposition of Joel Bartsch's lifelong friend, Paul Bernhard, NPF obtained evidence that Bernhard and Bartsch had been engaged in a decades-long exchange of millions of dollars using multiple financial institutions and third-party organizations to obscure the flow of money between the two individuals, including on at least one occasion a transfer of $250,000 from Bernhard on behalf of Bartsch. That money was transferred from Berhard's account at the direction of Bartsch to USA Softball. Bernhard's testimony indicated that Brentwood Management Group, International Bank of Commerce, American Express, Navy Federal Credit Union, Wells Fargo, and Bank of America all likely had records evidencing Bartch and Bernhard's money transfers. This included, but was not limited to, any transfers to or from USA Softball, transfers from other softball-related entities, and any profits that Defendants realized from their improper, competitive behaviors.

Because these transfers were directly pertinent to Defendants' scheme to compete with NPF, NPF subpoenaed the entities for documents containing information pertinent to that scheme. Defendants filed motions to quash these subpoenas, in yet another attempt to prevent NPF from obtaining important information. Accordingly, as of the date of this report, NPF has been deprived of any of the information it appropriately sought to assist in proving its damages.

    4. <u>3rd Set of Requests for Production of Documents to Defendants</u>

NPF served all defendants with a third set of requests for production of documents pertaining to NPF's damages. Defendants did not respond to a number of these requests. For eight of NPF's sixteen requests for production, Defendants specified that the documents "will be produced only to the extent it is subject to a Court-approved, attorneys-eyes-only protective

order."

On February 8, 2019, NPF sent Defendants an updated draft protective order for Defendants to sign. Defendants have never signed the protective order or responded to NPF's most recent attempts to finalize and file the protective order. Contrarily, it appears that they have no intent of agreeing to such an order for the express purpose of depriving NPF of evidence of damages.

**B. Served by Defendants**

In addition to their obstruction of NPF's legitimate discovery efforts, Defendants have engaged in a calculated campaign of harassing NPF by unilaterally noticing depositions and subpoenas and refusing to meet and confer in good faith.

1. Notice of Deposition to NPF

On February 6, 2019, approximately three weeks before the discovery cutoff date, Defendants served a notice of deposition, seeking to depose NPF for a second time on a date that Defendants unilaterally set. Due to the minimal amount of notice Defendants chose to give NPF, NPF timely objected to the deposition the day before it was noticed. Despite its objections to the unilaterally set date, NPF agreed to produce Cheri Kempf on a mutually agreeable date. Defendant did not attempt to reschedule. Instead, they quickly abandoned all pretext of wanting to question Ms. Kempf and, instead, and chose to file a supplemental brief in connection with their pending motion for sanctions, on the same day NPF's opposition was due.

In yet another procedural misstep, Defendants never sought leave of the Court to file their untimely brief, which NPF received mere hours before its opposition was required to be filed. Defendants never filed another motion. Defendants never sought a stipulation from NPF to postpone the hearing on the motion to allow full briefing. Instead, as has become their norm, Defendants simply ignored the Court's rules and did whatever they pleased. This cannot be allowed. And it violates the Federal Rules of Civil Procedure.

2. <u>Subpoenas for Deposition to NPF Media, LLC and CCFP, LLC</u>

Again, NPF timely objected to Defendants' subpoenas, stating a number of objections regarding privacy, privilege, confidentiality, relevance, and the subpoenas' attempt to force the third party deponents to appear for deposition more than 100 miles from their place of business in violation of Federal Rule of Civil Procedure 45. As Defendants' subpoenas continue to break the Federal Rules of Civil Procedure, they failed to meet and confer for locations, dates and times of depositions. Instead, they want this Court to reward them for their last minute filings, procedural violations and rush to the Court to file sanctions.

II. **PENDING/UNDECIDED MOTIONS**

Rather than working cooperatively in the discovery process, Defendants have opted to flood the Court with numerous motions with dubious factual and legal bases.

1. <u>Defendants' Motion for Sanctions</u>

After NPF served the supplemental document production ordered by the Court, Defendants immediately ran to the Court and sought dismissal of the lawsuit based on their unsubstantiated belief that other documents must exist. As NPF argues in its opposition brief [ECF No. 164], it have produced everything it possesses as relevant to the requests and interrogatories at issue in Defendants' December 28, 2018 motion to compel and the court's order regarding the same. The Court should deny the motion.

2. <u>Motion for protective order for subpoenas to Karen Johns, Lovie Jung, and USA Softball</u>

Third parties Karen Johns, Lovie Jung and USA Softball, through USA Softball hired counsel, moved for a protective order in order to avoid sitting for deposition. As stated in NPF's opposition to the motion [ECF No. 162], these witnesses are necessary to speak directly USA softball's selection process that Defendants Bartsch and May unduly influenced to the detriment of NPF. USA Softball promised to provide documents responsive to the subpoenas during Craig Cress's deposition, but has since refused to do so. NPF believes that Defendants pressured Ms. Johns and USA Softball to obstruct this discovery.

3. <u>Defendants' motion to quash subpoenas to Brentwood Management Group, International Bank of Commerce, American Express, Navy Federal Credit Union, Wells Fargo, and Bank of America</u>

Defendants' further filed a motion seeking to prevent NPF from uncovering evidence of Defendants' financial misdealings, including payments to USA Softball in exchange for access and evidence of the funds Defendants have reaped from their improper behaviors. As discussed in NPF's opposition to the motion [ECF No. 152], NPF only sought such information after it obtained the testimony of Paul Bernhard directly showing the role those third-party financial institutions played in Defendants' schemes. NPF also needs the requested information to demonstrate any profits that Defendants have realized from their improper competitive behaviors.

NPF, by law, is entitled to prove its case and has elected new counsel to assist in the acquisition of evidence and the presentation of this matter before this Court. However, Defendants' counsel has filed flawed motions, refused to provide pertinent documents and information, and attempted to obscure and muddy the material issues in this case.

DATED: February 28, 2019

BUCHALTER
A Professional Corporation

By: */s/ Tracy A. Warren*
TRACY A. WARREN, Esq.
KATHRYN B. FOX, Esq.
Attorneys for Plaintiff
NPF FRANCHISING, LLC
Admitted *PRO HAC VICE*

F. Allen Boseman, Jr.
SHERMAN BOSEMAN LAW GROUP, LLC
800 West St., Clair Avenue
4th Floor
Cleveland, OH 44113
(216) 239-1143
Local Counsel for
NPF FRANCHISING, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Plaintiff NPF Franchising, LLC's Status Report Regarding Case Status in Advance of the March 1, 2019 Status Conference was electronically filed on this 28th day of February, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                              /s/ Tracy A. Warren
                                           TRACY A. WARREN, Esq.

                                                Attorney for Plaintiff
                                              NPF FRANCHISING, LLC
                                              Admitted PRO HAC VICE