IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| NPF FRANCHISING, LLC, | ) | CASE NO. 1:18 CV 277 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SY DAWGS, LLC, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Renewed Motion for Sanctions (ECF #161), Defendants' Motion to Quash Six Subpoenas Duces Tecum issued by Plaintiff (ECF #147), and the Joint Motion of non-parties Karen Johns, Lovie Jung and USA Softball, Inc. for a Protective Order. (ECF #158) Defendants have opposed all of the motions and reply briefs in support of the motions have been filed.

**I. Defendants' Notice of Plaintiff's non-compliance with the Court's Discovery Order and Renewed Motion for Sanctions (ECF # 161)**

On January 25, 2019, this Court issued an Order granting Defendants' Motion to Compel and ordering Plaintiff to provide full and complete responses (and production) to (1) Defendants' third set of interrogatories; (2) Defendants' Third Set of Requests for Production of Documents; and (3) Defendants' subpoena duces tecum issued to NPF Media, LLC within 14 days of the Court's Order, or certify to the Court that Plaintiff has fully responded to all of the discovery requests propounded by Defendants and that there is nothing responsive left to produce. (ECF #151) In their Notice of Noncompliance, Defendants assert that Plaintiff NPF did not provide a

certification of completeness or any supplemental production or responses to the third set of interrogatories or the third request for production of documents. With respect to the subpoena duces tecum to NPF Media, Plaintiff provided a single 11 page document which was almost entirely redacted. NPF advised Defendant that an unredacted copy would be provided if a protective order is put in place. In response to Defendants' Renewed Motion, Plaintiff raises unwarranted procedural complaints and asserts that it has produced all documents and information it possesses in response to Defendants' discovery requests. However, this response does not comply with the Courts' previous Order. Plaintiff has failed to comply with the Court's January 25 Order which required Plaintiff to **certify** to the Court that it has fully responded to all discovery requests propounded by Defendants and there is nothing left to produce. Accordingly, Defendants' Renewed Motion for Sanctions is **granted** as follows: Plaintiff is ordered to file an affidavit or declaration of its corporate representative certifying that Plaintiff has fully complied with the Defendants' discovery requests at issue by Friday, March 22, 2019. In addition, the Court also orders Plaintiff's counsel to file a similar certification of compliance by counsel on or before March 22, 2019. Failure to comply with this Order will result in sanctions, up to including dismissal of Plaintiff's action.

As to the redacted document produced by NPF Media, which Plaintiff claims is confidential, the parties are directed to file an agreed upon protective order with the Court by March 22, 2019. As soon as that Order is in place, Plaintiff shall provide Defendants with an unredacted copy of the document. (Plaintiff's certification must also include any representation that this is the sole document responsive to Defendants' subpoena duces tecum to NPF Media.) Again, any monetary sanctions for Plaintiff's repeated discovery intransigence will be addressed

at the conclusion of this action.

## II. Motion to Quash Six Subpoenas Duces Tecum issued by Plaintiff NPF (ECF #147)

Defendants, on behalf of themselves, and several non-parties (referred to as "Affected Parties"), move to quash six subpoenas duces tecum issued to six financial entities under Fed. R. Civ. P. 45 because the subpoenas are overly broad and seek confidential information of non-parties that is irrelevant to the issues in this action. The subpoenas, issued on January 4, 2019, were directed to (1) Brentwood Management Group; (2) International Bank of Commerce; (3) American Express; (4) Navy Federal Credit Union; (5) Wells Fargo; and (6) Bank of America. The Court has reviewed the subpoenas at issue and agree that they are overly broad and seek confidential, financial information of non-parties that is irrelevant to the issues in this action. As such, the Motion to Quash the Six Subpoenas Duces Tecum (ECF #147) is granted.

## III. Joint Motion of Karen Johns, Lovie Jung and USA Softball, Inc. for a Protective Order (ECF #158)

Non party movants Karen Johns, Lovie Jung and USA Softball request a protective order under Fed. R. Civ. P. 26(c)(1)(A) which prohibits discovery from Ms. Johns, Ms. Jung and USA Softball. Plaintiff issued subpoenas to Ms. Johns on January 9, 2019 and to Ms. Jung on January 29, 2019. Ms. Johns and Ms. Jung are members of the USA Women's Softball National Team Selection Committee (the "Committee"). The subpoenas duces tecum require Ms. Johns and Ms. Jung to produce 54 categories of documents pertaining to the operations of the Committee and its procedures for selecting coaches and athletes for the USA Women's National Team and to submit to depositions on these 54 topics. Movants object to the discovery sought by Plaintiff because it is beyond the scope of discovery as it is not relevant to the claims raised by the parties in the case;

USA Softball and its representatives have already produced over 3,400 pages of documents and given four depositions; and Ms. Johns and Ms. Jung have executed Covenants of Confidentiality with USA Softball which prohibit disclosure of the requested information. The Court has carefully reviewed the filings of the parties relevant to this motion and has concluded that the Motion for a Protective Order should be granted. Accordingly, the subpoenas directed to Ms. Johns and Ms. Jung are quashed.

### Conclusion

For the reasons set forth above, Defendants' Renewed Motion for Sanctions (ECF #161) is granted as detailed above; Defendants' Motion to Quash Six Subpoenas Duces Tecum issued by Plaintiff (ECF #147) is granted; and, the Joint Motion of non-parties Karen Johns, Lovie Jung and USA Softball, Inc. for a Protective Order (ECF #158) is granted. The parties are directed to work cooperatively to finish discovery, and specifically, to have any remaining discovery scheduled by the status conference scheduled on April 4, 2019 at 10:30 a.m.

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Date: March 15, 2019

-4-