**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NPF FRANCHISING LLC,** | ) | **CASE NO. 1:18 CV 277** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge William H. Baughman, Jr.** |
| | ) | |
| **SY DAWGS, LLC,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendant.** | ) | |

On May 2, 2021, this Court issued a Memorandum Opinion and Judgment, awarding

attorneys fees' and costs to Defendant, Sy Dawgs, LLC, as follows:

> NPF is liable to Sy Dawgs for attorneys' fees, expenses and costs in the
> amount of $480,546.85, pursuant to Paragraph 14 of the Parties' Non-Disclosure
> and Non-Competition Agreement.
>
> Of that amount, NPF, Buchalter and the Buchalter attorneys of record are
> hereby jointly and severally liable for attorneys' fees, expenses and costs in the
> amount of $287,248.77, plus pre-judgment interest, and post-judgment interest to
> accrue starting 30 days from the date of this Order, as calculated in the manner set
> forth in 28 U.S.C. § 1961, as discovery sanctions.

(Docket #262 at p. 29.)  Attorneys J. Patrick Allen, Kathryn B. Fox, Rick A. Waltman, and Tracy

Warren of the Buchalter Law Firm represented Plaintiff, NPF Franchising LLC, at all times

relevant.  The sanctions for discovery misconduct were awarded pursuant to Fed. R. Civ. P. 37.[1]

On June 3, 2021, Interested Parties J. Patrick Allen, Buchalter, Kathryn B. Fox, Rick A. Waltman, and Tracy Warren, filed their Notice of Appeal to the Sixth Circuit Court of Appeals, challenging this Court's award of "attorneys' fees discovery sanctions" against the Individual Attorneys and Buchalter.  (Civil Appeal Statement of Parties and Issues, Document 6, Court of Appeals Case No. 21-3516.)   A Supersedeas Bond in the amount of $313,000 was posted, covering the attorneys' fees award and interest.  (Docket #271.)

On June 15, 2022, the Sixth Circuit Court of Appeals issued an Opinion, affirming this Court's award of Rule 37 discovery sanctions against the Individual Attorneys representing NPF in this case – J. Patrick Allen, Kathryn B. Fox, Rick A. Waltman, and Tracy Warren; reversing this Court's award of Rule 37 discovery sanctions against the Buchalter Law Firm on the basis that Rule 37 does not allow sanctions against a law firm; and, remanding the case with the following instruction:

> While we cannot sustain sanctions against the Buchalter Law Firm under Rule 37, the district court could impose sanctions against the firm pursuant to its inherent authority. To sanction in this manner, the district court must find that the party litigated "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). The district court could also impose sanctions "in the interest of justice." *Ray A. Scharer & Co. v. Plabell Rubber Prods., Inc.*, 858 F.2d 317, 320 (6th Cir. 1988). In a footnote in its opinion, the district court expressed an inclination to impose sanctions under its inherent authority if not for its mistaken belief that it could sanction the law firm under Rule 37. Mem. Op. re Def.'s Mot. for Fees & Costs, R. 262, PageID 6438 n.3. We remand to the district court to determine whether it deems sanctions against the Buchalter Law Firm to be appropriate under the

---

[1]
>     This case was repeatedly and unduly complicated and prolonged by the failures of NPF and its attorneys to meaningfully or honestly participate in the discovery process. These failures were thoroughly and exhaustively explained in prior Court rulings.

district court's inherent power. *See BDT Prods.*, 602 F.3d at 756.
(Docket #275 at p. 17.)

On July 8, 2022, the Individual Attorneys and Buchalter filed a Motion to Release and Order Disbursement of Cash Deposit Supersedeas Bond to Defendants in Satisfaction of Judgment Against the Individual Attorneys. (Docket #279.) The Motion was granted on August 25, 2022. (Docket #288.) The portion of this Court's May 2, 2021 Judgment rendered against NPF, Buchalter and the Buchalter Attorneys of Record jointly and severally has, therefore, been fully satisfied.

On August 12, 2022, following remand, Sy Dawgs filed a Motion for Sanctions Against Interested Parties Buchalter, a Professional Corporation, and Tracy A. Warren Pursuant to the Court's Inherent Authority. (Docket #286.) Sy Dawgs asks that this Court not only order discovery sanctions against Buchalter, but also award an additional $193,298.08, plus interest, against both Ms. Warren and Buchalter, pursuant to the Court's inherent authority. Sy Dawgs argues that Ms. Warren and Buchalter "unreasonably delayed the resolution of this matter, costing Sy Dawgs the opportunity to collect $200,000 from NPF as the prevailing party on NPF's claims" because NPF became uncollectable, and that "Ms. Warren and Buchalter filed false affidavits with this Court and engaged in a nationally publicized smear campaign against" Defendants Joel Bartsch and Connie May. (Docket #286 at p. 2.)

On September 12, 2022, Ms. Warren and Buchalter filed their Response in Opposition. (Docket #289.) Ms. Warren and Buchalter state that they "do not dispute, and fully accept, this Court's prior sanctions order" and "have promptly fulfilled their obligations thereunder, and submitted payment, in full, of all amounts ordered, plus interest." (Docket #289 at p. 1.) However, Ms. Warren and Buchalter argue that Defendants' Motion "improperly exceeds the

scope of the Sixth Circuit's remand, in violation of the "mandate rule." *Allard Enterprises, Inc.*

*v. Advanced Programming Resources, Inc.*, 249 F.3d 564 (6th Cir. 2001).  Ms. Warren and

Buchalter state the following:

- Defendants' request for additional, non-discovery sanctions against the Interested Parties exceeds the mandate of the Sixth Circuit, which directed further proceedings to evaluate Buchalter's liability for the discovery conduct previously at issue.

- Defendants previously requested sanctions for reimbursement for their full attorneys' fees based upon the same non-discovery related conduct at issue here.  Both the Magistrate Judge and this Court declined to grant this relief, and Defendants did not appeal this determination.  The law of the case doctrine prohibits Defendants from requesting the same sanctions anew on remand.

- The discovery sanction against Warren is a final judgment that has been fully satisfied, and principles of claim preclusion, issue preclusion, and vicarious liability prohibit Defendants from seeking further sanctions based on the same conduct it could have raised, and did raise, in the prior proceedings.  Defendants have been fully compensated for the conduct that Warren and the other Buchalter attorneys were found responsible, and the need to fix Buchalter's liability for this conduct pursuant to the Sixth Circuit's mandate is now moot.

- Defendants cannot demonstrate by clear and convincing evidence that the non-discovery related conduct at issue was entirely without color and that Buchalter and Warren were motivated by bad faith.  As concluded by the Magistrate Judge, "NPF's claims to protect the league it had built never seemed particularly frivolous even if it was unsuccessful in proving them." (Doc. No. 239, p. 9).

- Defendants cannot demonstrate that the amount it now seeks, which includes $132,811 of attorneys' fees incurred prior to Buchalter appearing in this case, were incurred because of, and solely because of, the alleged sanctionable conduct of Buchalter or Warren.

(Docket #289 at pp. 1-2.)

On September 20, 2022, Sy Dawgs filed its Reply Brief.  (Docket #290.)  Sy Dawgs

reiterates its prior arguments regarding what it alleges to be inherently sanctionable misconduct

by both Ms. Warren and Buchalter, and argues that the Sixth Circuit remanded the sanctions issue "without restriction on what the bases for such sanctions might be and without suggesting any limitation on what evidence might be considered in issuing such sanctions." (Docket #290 at p. 3.) Sy Dawgs seeks and additional $193,298.08 in sanctions from Ms. Warren and Buchalter – the portion of the $480,546.85 awarded against NPF under the prevailing party provision of the Non-Disclosure and Non-Competition Agreement that was not included in the amount imposed jointly and severally against NPF, Buchalter and the Buchalter Attorneys of Record jointly and severally.

## Discussion

The Sixth Circuit reviewed the following issues on appeal: whether the Individual Attorneys – J. Patrick Allen, Kathryn B. Fox, Rick A. Waltman, Tracy A. Warren – and the Buchalter Law Firm were afforded due process before discovery sanctions were imposed against them; whether this Court abused its discretion issuing discovery sanctions jointly and severally against the Individual Attorneys and Buchalter; whether the amount of sanctions awarded against the Individual Attorneys and Buchalter was appropriate; and, whether in the event of remand, the case should be assigned to a different District Court Judge. (Docket #275 at p. 8.)

The Court of Appeals Opinion begins, "In this appeal, which involves the National Pro Fastpitch League, we are asked to review a 'foul ball' call in <u>discovery</u>." It continues, stating the underlying issue on appeal was this Court's imposition of <u>Rule 37 sanctions against Counsel "for failure to produce documents and its engagement in other discovery abuses</u>." (Docket #275 at p. 2. Emphasis added.)

The Sixth Circuit held that the Individual Attorneys and Buchalter were given notice and an opportunity to be heard prior to discovery sanctions being imposed against them and affirmed

this Court's sanction of the Individual Attorneys under Rule 37(d).  The Sixth Circuit reversed this Court's decision only to the extent that the discovery sanctions against Buchalter were levied pursuant to Rule 37, holding that Rule 37 does not allow for sanctions against a law firm unless the law firm is a party to the lawsuit.  However, the Sixth Circuit explained that Buchalter could be sanctioned under the Court's inherent authority, or in the interests of justice, and remanded the issue of whether such sanctions are warranted.  The Sixth Circuit held that reassignment to a different District Court Judge on remand was unnecessary.

The issue remanded, therefore, is limited to whether Buchalter should be sanctioned under the Court's inherent authority, or in the interests of justice, for the well-documented discovery abuses in this case, the amount of which has already been ordered by this Court and affirmed by the Court of Appeals.  Requests for sanctions beyond the scope of this limitation will not be addressed by the Court.

To impose discovery sanctions against the Buchalter pursuant to this Court's inherent authority, the Court "must find that the Buchalter Law Firm litigated 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *NPF Franchising, LLC v. Sy Dawgs, LLC*, (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir 1997); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  As discussed in this Court's Memorandum Opinion dated May 7, 2021:

> The Magistrate Judge also analyzed the issue of whether SY Dawgs should be awarded attorneys' fees pursuant to this Court's inherent authority to sanction bad faith conduct, ultimately concluding that awarding attorneys' fees as sanctions for discovery misconduct was a better fit under the facts and circumstances of this case. Considering the pervasive misconduct of NPF and the Buchalter attorneys in this case, the Court is inclined to award fees under its inherent powers. **Three things are particularly troubling for the Court – the Buchalter attorneys' failure to follow even the most basic rules, principles and norms of discovery; questions regarding the Buchalter attorneys' truthfulness in their**

-6-

> **representations to the Court; and, the fact that NPF and the Buchalter attorneys filed this case February 2, 2018 and continued to string Sy Dawgs and the Court along for almost a year and a half, with no indication that it could substantiate any of its claims, only to jump ship when the possibility of an unfavorable ruling was imminent.** However, the Court respects that Magistrate Judge's thoughtful analysis on this issue and an award of attorneys fees under both the Parties' Non-Disclosure and Non-Competition Agreement and Rule 37 fully compensates Sy Dawgs for the attorneys' fees, costs and expenses incurred in this case.

(Docket #23 at p. 23, Footnote 3.)

Buchalter argues that Sy Dawgs failed to demonstrate sanctionable conduct specifically attributable to the Firm – asserting the Firm itself was not driving the litigation or the decisions being made by the Individual Attorneys working on this case.  Buchalter states:

> The prolonged pursuit of weak claims and interviews with ESPN reporters was not a coordinate corporate strategy at Buchalter, the topic of management discussions or shareholder meetings, or otherwise something that benefitted Buchalter in any way whatsoever. . . . [W]hen Buchalter was made aware after the sanctions order was issued, Buchalter immediately arranged separate counsel, and posted a cash appellate bond, with interest, to allow the opportunity for appellate review.  Upon affirmance, Buchalter immediately made arrangements for the payment for the entire sanctions order owed to Defendants, in full.  (Docket #289 at p. 11.)

The Court has no basis upon which to doubt the truth of Buchalter's claim that the Firm itself did not make day-to-day litigation decisions in this case.  However, the discovery issues in this case spanned many months – as did the contentious litigation regarding discovery sanctions – and multiple Buchalter attorneys were involved.  The case attracted national media attention. Ms. Warren is a Shareholder in the Firm and her signature appeared on Court filings.  The Individual Buchalter Attorneys signed below the Buchalter name, representing to the Court and opposing Counsel that the Individual Attorneys were litigating this case on behalf of Buchalter. Therefore, while the "prolonged pursuit of weak claims" – which included repeated obstruction of the discovery process – may not have been a "coordinate corporate strategy," the Firm

-7-

certainly should have been aware of what was happening at some level.

As stated by this Court in its May 7, 2021 Memorandum Opinion, the Court was troubled by "the Buchalter attorneys' failure to follow even the most basic rules, principles and norms of discovery; questions regarding the Buchalter attorneys' truthfulness in their representations to the Court; and, the fact that NPF and the Buchalter attorneys filed this case February 2, 2018 and continued to string Sy Dawgs and the Court along for almost a year and a half, with no indication that it could substantiate any of its claims, only to jump ship when the possibility of an unfavorable ruling was imminent." The Individual Attorneys acted in bad faith and, under the facts and circumstances of this case, the interests of justice are best served by holding both the Buchalter Law Firm and the Individual Attorneys jointly and severally liable for the discovery sanctions in the amount previously imposed by this Court and upheld by the Court of Appeals.[2]

### Conclusion

For the foregoing reasons, the Court finds the Buchalter Law Firm to be jointly and severally liable with the NPF and the Individual Attorneys for attorneys' fees, expenses and costs in the amount of $287,248.77, plus pre-judgment interest, and post-judgment interest, as originally calculated by the Court in its May 7, 2021 Memorandum Opinion.

This Judgment has been satisfied in full through the release and disbursement of the Supersedeas Bond to Defendant and, therefore, no additional amounts are due.

Defendants' Motion for Sanctions Against Interested Parties Buchalter, A Professional

---

[2]

      The Sixth Circuit held, "The district court could also impose sanctions 'in the interest of justice." (quoting *Ray A. Scharer & Co. v. Plabell Rubber Prods.*, 858 F.2d 317, 320 (6th Cir. 1988)("Attorney's fees have been awarded pursuant to a court's inherent authority to sanction 'in the interest of justice' even in the absence of a specific finding of bad faith, despite language in Roadway Express to the contrary. *Grinnell Brothers, Inc. v. Touche Ross & Co.*, 655 F.2d 725 (6th Cir. 1981).")

Corporation, and Tracy A. Warren Pursuant to the Court's Inherent Authority (Docket #286),

which seeks additional sanctions outside the scope of remand, is hereby DENIED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: October 17, 2022